[Civ. No. 2196.   Fourth Appellate District.—November 27, 1939.]

A. H. BRIETENGROSS, Respondent, v. THEODORE KRUMM, INC. (a Corporation), Appellant.

Theo. G. Krumm for Appellant.

Howell W. Richardson for Respondent.

BARNARD, P. J.—This is an action to recover the agreed selling price of certain oranges, and certain commissions in connection with the sale of other oranges.

On December 9, 1936, a written contract was entered into between the plaintiff as "Seller" and the defendant as "Buyer", which provided that the "Seller has sold and the Buyer has bought the entire crop of merchantable" oranges then growing on a described grove, at $1.50 per cwt. It was agreed that the picking and hauling were to be done at the expense of the buyer at the time and in the manner directed by it, receipt of a part of the purchase price was acknowledged, and it was provided that the balance was to be paid ten days after the fruit was picked. It was further agreed that "no windfall, split, off-bloom, soft or frozen fruit is contracted for or is to be paid for under the terms of this contract". A further provision, that the seller is to look after and irrigate and cultivate the grove whenever necessary, is a part of the contract form that was used but, as shown by the evidence, this provision had no application here.

The oranges in question were destroyed by a freeze on January 7 or 8, 1937. The complaint in this action contained one count based upon the oranges covered by the above-described contract and three other counts based upon similar contracts, in each of which the cause of action had been assigned to this plaintiff. There were two additional causes of action for commission which the defendant had agreed to pay in connection with the sale of other oranges upon similar contracts.

There was evidence that at the time these contracts were entered into the oranges in the respective crops were all merchantable and free from any splits, off-bloom and soft fruit, and that all of said oranges were then ripe and ready for

picking. There is also evidence that on several occasions prior to the date of the freeze the plaintiff and his assignors informed the defendant that the crops were ready to be picked, that the defendant assured them that he would pick the oranges shortly, that there were many days of good picking weather between the date of the contracts and the date of the freeze, and that between those dates the defendant picked oranges from other groves which it had subsequently purchased at a lower price.

The court found in all respects in favor of the plaintiff and awarded him a judgment for $983, from which this appeal was taken.

■ The main point raised by the appellant is that it conclusively appears from the contracts themselves that they were executory and did not pass the title to this fruit, and that the risk of freezing remained with the respondent and his assignors. The appellant relies upon such cases as *Wanee* v. *Thomas,* 75 Cal. App. 231 [242 Pac. 509]; *Pfoh* v. *Porter,* 23 Cal. App. 59 [137 Pac. 44]; *MacRae* v. *Heath,* 60 Cal. App. 64 [212 Pac. 228]; *Walti* v. *Gaba,* 160 Cal. 324 [116 Pac. 963]; *Blackwood* v. *Cutting Packing Co.,* 76 Cal. 212 [18 Pac. 248, 9 Am. St. Rep. 199]. In each of those cases the goods in question were to be delivered by the seller. In the first case cited, rice was not only to be so delivered but was to be paid for only if it came up to a sample which had been furnished. In each of the other cases the crop in question had not yet matured and the seller still had things to do in order to put the goods into a deliverable state. As pointed out in the case of *Walti* v. *Gaba, supra,* under those circumstances the performance of such things on the part of the seller is usually a condition precedent to the passing of title.

In the instant case, a somewhat different situation appears both from the face of the agreement and from the evidence. The contracts use language indicating a present sale, provide that the buyer is to come and get the crop, and leave nothing to be done by the seller, with the possible exception of cultivating and irrigating the groves "when necessary". The evidence shows that there was no necessity for such work in connection with these particular crops as they were then ready for picking. Moreover, the evidence shows

that the crops of fruit were merchantable in their entirety, and that no segregation was necessary.

Section 1739 of the Civil Code provides that unless a different intention appears certain rules are to be applied in ascertaining the intention of the parties as to the time when title to goods shall pass to the buyer. Rule 1 is as follows:

"Where there is an unconditional contract to sell specific goods, in a deliverable state, the property in the goods passes to the buyer when the contract is made, and it is immaterial whether the time of payment, or the time of delivery, or both, be postponed."

This rule is here applicable, and there is nothing in the contracts or the evidence which indicates a contrary intention.

It cannot be said, as a matter of law, that the contracts in question conclusively show upon their face that they were executory in nature and that, therefore, title did not pass. The language of the contracts and the evidence justified the court in holding that title to the oranges passed at the time the contracts were entered into. (*Bill* v. *Fuller*, 146 Cal. 50 [79 Pac. 592]; *Miller* v. *Hunt-Hatch & Co.*, 47 Cal. App. 768 [191 Pac. 75]; *Lassing* v. *Jones*, 107 Cal. 348 [40 Pac. 534].)

The appellant makes the further contention that $135 of the judgment, representing the amounts awarded on the two causes of action involving commissions for the sale of fruit, may not be sustained because under the contracts for the payment of such commissions nothing was to be paid until the oranges were picked and delivered to the appellant's packing house. No such contractual provision is pointed out, and it seems clear from the evidence that the question of whether such commissions were to be paid depends entirely upon whether title passed to the fruit involved in those causes of action. The decision on this point must follow the decision on the main point raised.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.